IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10326
Conference Calendar

_____

EZREE CROWLEY,

Plaintiff-Appellant,

versus

D BROWN, #7803; E SMITH, #2451; M J FALLS, #3820; CITY OF
DALLAS, TEXAS

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CV-1170-P
- - - - - - - - - -
August 22, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Ezree Crowley has appealed the dismissal, with prejudice, of
his 42 U.S.C. § 1983 civil rights action.  His complaint requests
damages for false arrest, false imprisonment, and malicious
prosecution relative to a burglary conviction for which he is
serving a lengthy sentence.  We AFFIRM the district court's
judgment.

Crowley contends that the district court should have either
placed his action in abeyance or dismissed it without prejudice.

_____

[*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

He argues that the dismissal with prejudice was contrary to <u>Heck v. Humphrey</u>, 114 S. Ct. 2364 (1994). Crowley also asserts that the district court should have allowed him "to present his claim."

"Under <u>Heck</u>, when a state prisoner brings a § 1983 action seeking damages, the trial court must first ascertain whether a judgment in favor of the plaintiff in the § 1983 action would necessarily imply the invalidity of his conviction or sentence." <u>Boyd v. Biggers</u>, 31 F.3d 279, 283 (5th Cir. 1984). In the event that "it would, the prisoner must show that his conviction has been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus, in order to state a claim." <u>Id</u>. (citation and quotation marks omitted). If the prisoner cannot make such a showing, his § 1983 action should be dismissed with prejudice. <u>Id</u>. at 283-84. The court need no longer hold proceedings in abeyance or dismiss without prejudice, because the statute of limitations does not begin to run until the conviction is invalidated. <u>Stephenson v. Reno</u>, 28 F.3d 26, 27-28 (5th Cir. 1994).

Crowley concedes, as he must, that his burglary conviction remains in effect. For the district court to have awarded him damages on grounds that he was maliciously prosecuted for the burglary "would necessarily imply the invalidity of [that] conviction." <u>Boyd</u>, 31 F.3d at 283; <u>see</u> <u>Pete v. Metcalfe</u>, 8 F.3d 214, 219 (5th Cir. 1993). Accordingly, the district court was correct in dismissing Crowley's § 1983 action with prejudice. <u>Boyd</u>, 31 F.3d at 283-84.

AFFIRMED.